FILED
 2007 Nov-05  PM 12:39
 U.S. DISTRICT COURT
     N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHWESTERN DIVISION

| | |
|---|---|
| **AXION AUTOMOTIVE TECHNOLOGIES, INC., f/k/a ATC DISTRIBUTION GROUP, INC.,,** | )<br>)<br>)<br>)<br>) |
| Plaintiff, | ) Civil Action Number<br>) **cv-07-c-1893-nw** |
| vs. | )<br>)<br>) |
| **TIM WHITSETT,** | )<br>) |
| Defendant. | |

## MEMORANDUM OF OPINION

Presently before the Court is a Motion to Dismiss, or, in the Alternative, to Stay Proceedings, filed by Tim Whitsett ("Defendant"). For the reasons that follow, the Court reluctantly concludes that Defendant's Motion to Dismiss is due to be DENIED.

### I.   FACTUAL BACKGROUND

On October 4, 2007, Defendant filed for Declaratory Judgment in the Superior Court of Wake County, North Carolina, regarding the validity of a covenant not to compete executed between himself and Axiom Automotive Technologies ("Plaintiff"). The next day, October 5, 2007, Plaintiff filed a breach

of contract and breach of fiduciary duty action in Lauderdale County Circuit Court in Alabama. Defendant removed the Lauderdale County action to federal district court on October 16, 2007, based on diversity of citizenship and amount in controversy, and filed a contemporaneous Motion to Dismiss therewith.

The underlying facts of this case concern the scope and content of a covenant not to compete executed between Plaintiff and Defendant—specifically, whether Defendant's current employment and his activities pursuant to that employment in North Carolina are in violation of the contract between the parties. At issue here, however, is whether this Court should dismiss or, in the alternative, stay this federal action in favor of the first-filed state court action in North Carolina. For the reasons outlined below, dismissal is inappropriate in this case.

## II.  CONTROLLING LAW

When a federal district court has jurisdiction over a matter, the federal court "can abstain to avoid duplicative litigation with state courts only in exceptional circumstances." *Ambrosia Coal and Constr. Co. v. Morales*, 368 F.3d 1320, 1328 (11th Cir. 2004) (citing *Colorado River Water Conservation Dist. v. U.S.*, 424 U.S. 800, 817 (1976)). The "virtually unflagging obligation . . . to exercise the jurisdiction given them" may only be avoided after careful consideration of factors outlined by the Supreme court in *Colorado River Water Conservation Dist. v.*

*U.S.*, 424 U.S. 800, 817 (1976). *Id.*

According to *Colorado River*, a district court weighing abstention must consider: (1) whether court has assumed jurisdiction over the property; (2) the relative inconvenience of the fora; (3) the potential for piecemeal litigation; (4) the temporal order in which each forum obtained jurisdiction; (5) whether state or federal law governs; and (6) whether the state court is adequate to protect the parties' rights.  See *Ambrosia Coal*, 368 F.3d at 1331.  These factors are to be weighed "with a heavy bias in favor of exercising jurisdiction." *TranSouth Fin. Corp. v. Bell*, 149 F.3d 1292, 1295 (11th Cir. 1998).

### III.  ANALYSIS

The Defendant makes a weighty argument that the interests of judicial economy would be best served if this Court abstained from exercising its jurisdiction.  But Defendant has hamstrung that argument.  By invoking the diversity jurisdiction of this Court, Defendant triggered the "virtually unflagging obligation" of this Court to hear this matter—and then asked this Court not to hear it.

General principles of federalism and comity favor the first-filed action in North Carolina.  Foremost, no federal interest will be vindicated by this Court's adjudication of a state law contract dispute.  Moreover, judicial economy will not be and has not been served by the duplicative litigation already ongoing.

However, under *Colorado River*, a district court may decline to exercise jurisdiction only in exceptional circumstances. This case is not exceptional.

Because the first-filed action has not even proceeded past the pleadings phase, this Court must lend little weight to Defendant's primary argument—that there is a strong and well-established principle that favors the first-filed action. Indeed, "priority should not be measured exclusively by which complaint was filed first, but rather in terms of how much progress has been made in the two actions." *Moses H. Cone Mem'l Hosp. v. Mercury Constr.*, 460 U.S. 1, 21 (1983). Accordingly, Defendant has failed to persuade this Court to abstain with respect to its strongest argument under the *Colorado River* factors.

Because the *Colorado River* factors are to be weighed "with a heavy bias in favor of exercising jurisdiction," this Court sees little reason to engage in lengthy discussions of all the other factors. *Bell*, 149 F.3d at 1295. Suffice it to say, however, all save one militate in favor of allowing litigation to proceed in this Court (the first factor is inapplicable to either side insofar as it addresses *in rem* actions).

Indeed, this Court finds interesting the legal positions taken by both parties so far. The Defendant invoked federal jurisdiction and simultaneously moved the federal court not to exercise it. The Plaintiff itself chose the limited state court forum of Lauderdale County and yet it vehemently argues for the assertion of

federal jurisdiction.  In keeping with the legal double-speak already engaged in by the parties, although judicial economy would be best served by abstention, this Court has no choice but to reluctantly retain jurisdiction over this case.

    Accordingly, by separate Order, Defendant's Motion to Dismiss is due to be denied.

    Done the 5th day of November, 2007.

_____
U.W. Clemon
United States District Judge